UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **IN THE MATTER OF THE SEIZURE OF** | ) | |
| | ) | |
| THE CONTENTS FROM BANK OF AMERICA (BOA), ACCOUNT NUMBER ▇▇▇6295, ACCOUNT NAME PORSHA T. BUSH; | ) ) ) | Case No. 3:21-MJ-1045 |
| | ) | |
| THE CONTENTS FROM BANK OF AMERICA (BOA), ACCOUNT NUMBER ▇▇▇6282, ACCOUNT NAME PORSHA T. BUSH; | ) ) ) | Case No. 3:21-MJ-1046 |
| | ) | |
| THE CONTENTS FROM BANK OF AMERICA (BOA), ACCOUNT NUMBER ▇▇▇7527, ACCOUNT NAME ENLIGHTENMENT FAMILY CARE, LLC; and | ) ) ) ) | Case No. 3:21-MJ-1047 |
| | ) | |
| THE CONTENTS FROM BANK OF AMERICA (BOA), ACCOUNT NUMBER ▇▇▇7514, ACCOUNT NAME ENLIGHTENMENT FAMILY CARE, LLC. | ) ) ) ) | Case No. 3:21-MJ-1048 |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR SEIZURE WARRANT

I, Joelle M. Vehec, being duly sworn, depose and state as follows:

### Introduction and Agent Background

1. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") and have been so employed since 2011. I am currently assigned to the Knoxville field office. Among my duties as a SA, I have participated in investigations of persons suspected of various violations of Title 18 of the United States Code, including wire fraud, money laundering, public corruption, bank fraud, and various other white collar crimes. I have been involved in several investigations involving various fraudulent schemes that resulted in the issuance of seizure warrants, search warrants, and arrest warrants. I have experience in investigating

individuals who attempt to conceal proceeds of illegal acts, such as wire fraud, including the use of trusts and corporations to disguise the true owner of illicit funds they control through these entities. I have become knowledgeable about the methods and means by which money is laundered and the efforts of persons involved in such activities to avoid detection by law enforcement.

2. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from law enforcement officers, review of documents, and financial records, related to this investigation, as well as communications with others who have personal knowledge of the events and circumstances described herein (including participants), and information gained through my training and experience and the training and experience of others. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of an application for the seizure warrants described herein, it does not set forth each and every fact of the investigation.

## Property to Be Seized

3. This affidavit is being submitted in support of an application for a seizure warrant for the contents of the following accounts:

    a. Bank of America Account ▬▬▬ 6295, held in the name of Porsha T Bush ("Target Account 1").

    b. Bank of America Account ▬▬▬ 6282, held in the name of Porsha T Bush ("Target Account 2").

    c. Bank of America Account ▬▬▬ 7527, held in the name of Enlightenment Family Care, LLC ("Target Account 3").

d. Bank of America Account ▮▮▮▮ 7514, held in the name of Enlightenment Family Care, LLC ("Target Account 4").

4. As fully detailed herein, there is probable cause to believe that the contents of the Target Accounts 1, 2, 3, and 4 (hereinafter "Target Accounts") constitute or are derived from or traceable to the proceeds of illegal activity committed by Porsha Tims Bush ("BUSH"). Specifically, the funds constitute and/or are derived from violations of 18 U.S.C. §§ 1344 (Bank Fraud) and 1956 (Money Laundering). Accordingly, the contents of the Target Accounts are subject to civil forfeiture by the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) and are subject to criminal forfeiture pursuant to 18 U.S.C. §§ 982(a)(1), and 982(a)(2). The funds are subject to seizure in accordance with 18 U.S.C. § 981(b) and 21 U.S.C. § 853(e) and (f) by 18 U.S.C. § 982(b)(1).

## Background

5. In or around March 2020, in response to the economic crisis caused by the novel coronavirus pandemic, the United States Congress passed the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136,134 Stat. 281 (2020) ("CARES Act").

### Paycheck Protection Program

6. Among other things, the CARES Act made billions of government-guaranteed loans available to qualified small businesses through the Paycheck Protection Program ("PPP"). The purpose of loans issued under the PPP was to enable small businesses suffering from the economic downturn to continue to pay salaries or wages to their employees. The PPP was administered by the Small Business Administration ("SBA"), which promulgated regulations

3

concerning eligibility for a PPP loan. Eligible businesses seeking a loan under the PPP could apply for such a loan through a federally insured depository institution.

7. A PPP loan application must be processed by a participating lender. If a PPP loan application is approved, the participating lender funds the PPP loan using its own monies, which are 100% guaranteed by the SBA.

8. To qualify for a loan under the PPP, an applicant had to meet certain criteria, including, among other things, that it was "in operation on February 15, 2020 and either had employees for whom [it] paid salaries and payroll taxes or paid independent contractors, as reported on a "Form 1099-MISC." Moreover, the amount of the loan that could be approved under the PPP and implementing regulations typically was a function of the applicant's historical payroll costs, consisting of compensation to its employees whose principal place of residence was the United States, subject to certain exclusions.

9. The proceeds of a PPP loan could be used only for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, mortgage interest payments (but not mortgage prepayments or principal payments), rent payments, utility payments, interest payments on debt obligations that were incurred before February 15, 2020, or for refinancing certain specified SBA loans.

10. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

11. Bank of America, N.A., and U.S. Bank were banks where the deposits were insured by the Federal Deposit Insurance Corporation ("FDIC"). Hope Credit Union Enterprise

4

Corporation (Hope Enterprise Corporation) was insured by the National Credit Union Administration (NCUA). Therefore each constituted a "financial institution" for purposes of 18 U.S.C. §§ 20, 1344, and 1957.

### Economic Injury Disaster Loans

12. The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest loans to small businesses, renters, and homeowners in regions affected by declared disasters.

13. The CARES Act also authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL.

14. In order to obtain an EIDL and advance, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenue for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was the period preceding January 31, 2020. For a business to be eligible for an EIDL, the business must have been in operation before February 1, 2020. The applicant was also required to certify that all the information in the application was true and correct to the best of the applicant's knowledge.

15. EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. Approval of a loan application and the amount of a loan was based, in part, on the information provided on the application about the number of employees, gross revenue, and cost of goods, as described above. Upon approval of an

application for an EIDL or advance, SBA would disburse the funds. EIDL loan proceeds were permitted to be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

### Scheme and Artifice to Defraud

16. Beginning no later than April 2020, and continuing through at least June 30, 2020, in the Eastern District of Tennessee and elsewhere, BUSH, did knowingly devise and intend to devise a scheme and artifice to fraudulently obtain PPP loan and EIDL proceeds – monies owned by, and under the custody and control of, a financial institution, namely, Bank of America, N.A., U.S. Bank, and Hope Enterprise Corporation, by means of materially false and fraudulent pretenses, representations, and promises.

17. It was the purpose and objective of the scheme for BUSH fraudulently to obtain monies, funds, credits, assets, and other property owned by, and under the custody and control of, Bank of America, N.A., U.S. Bank, and Hope Enterprise Corporation, namely, PPP and EIDL loan proceeds, and to spend those proceeds on items that were not authorized under the PPP. Funds were used for travel, rent payments for personal housing, car payments, maid services, at department stores, restaurants, and movie theaters.

### Manner and Means of the Scheme

18. In furtherance of the scheme to defraud, and to accomplish its unlawful objectives, the investigation has revealed BUSH received the PPP loans and EIDL funds listed below. The amount of loan funds deposited into accounts held by BUSH totaled approximately $472,568.

| Date of Loan | Name of Loan | Type of Loan | Amount of Loan | Wages Reported to the Bank | Business EIN/SSN |
|---|---|---|---|---|---|
| 4/21/2020 | Grant Money $1k per employee | EIDL | $4,000.00 | N/A | |
| 5/4/2020 | Enlightenment Family Care LLC | PPP | $21,400.00 | $103,800 | |
| 5/12/2020 | Porsha Bush | PPP | $14,135.00 | $67,852 | -2801 |

6

| Date | Entity | Type | Amount 1 | Amount 2 | Account |
|---|---|---|---|---|---|
| 5/19/2020 | PT Financial Solutions | PPP | $13,750.00 | $57,846 | -6996 |
| 5/21/2020 | Enlightenment Educational | PPP | $36,250.00 | $174,000 | |
| 5/29/2020 | Motivational Moments with Porsha | PPP | $19,280.00 | $92,545 | |
| 6/5/2020 | Enlightenment Family Care LLC | PPP | $67,469.00 | $323,853 | |
| 6/12/2020 | Enlightenment Family Ministries | PPP | $61,915.00 | $297,195 | |
| 6/15/2020 | Enlightenment Family Care Inc | EIDL | $150,000.00 | unknown | |
| 6/15/2020 | Enlightenment Enterprises | PPP | $84,369.00 | $404,972 | |
| | Total | | **$472,568** | | |

19. From approximately April 2020 through at least June 2020, BUSH submitted multiple PPP loan and EIDL applications to Bank of America, N.A., U.S. Bank, and Hope Enterprise Corporation. Along with the applications, BUSH provided supporting documentation including IRS Form 941s, Employer's Quarterly Federal Tax Return, and IRS Form W-3, Transmittal of Wage and Tax Statements. According to information provided by IRS, there is no record of any Form 941 filing for tax years January 2018 through September 30, 2020 for most of the loans[1] listed above. Based on IRS records, there is probable cause to believe that the records submitted by BUSH are false and many, if not all, of BUSH's claimed employees are fictitious.

**Probable Cause that the Loans Were Obtained Fraudulently**

20. There is probable cause to believe that each of the above-listed EIDL or PPP loans were obtained using false or fraudulent documents or information. For example, many of the applications included documents purporting to be filed with the IRS, including Form 941 quarterly reports reflecting wages paid and federal taxes withheld, and W-3 which is a yearly transmittal of wages and tax withholdings. These documents, however, were not actually filed with the IRS, as the IRS has no filings for the majority of the companies list above. Other

---

[1] The IRS reported that Enlightenment Family Care LLC did file quarterly federal tax returns for the period from September 30, 2019 to September 30, 2020.

7

information on the applications also suggests that the applications include fraudulent information, including different addresses used for the same application; the funds being deposited in BUSH's personal checking or savings accounts, or other accounts managed and controlled by BUSH as well as the usage of two different social security numbers.

    a.    **Enlightenment Family Care LLC**. BUSH obtained two PPP loans for Enlightenment Family Care LLC in about a one-month period, which is prohibited by the Small Business Administration, as companies were initially permitted to obtain only one PPP loan. One loan was received from Bank of America, N.A. in the amount of $21,400, while the other was received from U.S. Bank in the amount of $67,469. On the first loan application to Bank of America, N.A., BUSH claimed approximately $103,800 in wages paid in 2019; in the second loan application to U.S. Bank, she claimed approximately $323,853 in wages paid in 2019. The address provided on the 2019 940, Employer's Annual Federal Unemployment (FUTA) Tax Return that showed the approximate $103,800 in wages paid was a Houston, Texas address. The 2019 W-3 provided to show the approximate $323,853 in wages had BUSH's Knoxville, Tennessee address. There was no evidence of any payroll being paid from accounts controlled by BUSH in 2019, to include any payroll tax withholding payments to the IRS.

    b.    **Enlightenment Educational**. Yvonne Tims, BUSH's grandmother, is the signer, guarantor and principal signing on behalf of the borrower. However, the address on the applications, Forms 941, and W-3 are all BUSH's personal residence. Furthermore, all funds were deposited into Account 1828 in the name of Enlightenment Family Care. This account is controlled by BUSH. The PPP application for Enlightenment Educational included Forms 941 for the fourth quarter of 2019 and the first quarter of 2020, claiming three employees and various wages paid and federal taxes withheld. But the IRS provided information stating that no IRS

records were filed on behalf of Enlightenment Educational from 2018 to September 30, 2020. Moreover, none of the bank accounts reviewed appeared to show any wages paid or taxes withheld for Enlightenment Educational. The PPP funds for this loan application were deposited into Enlightenment Family Care's bank account, Bank of America account x1828, which was opened, maintained, and controlled by BUSH. The application listed BUSH's personal residence in Knoxville as the address of the business. The application claimed that Enlightenment Educational has two employees, but the Forms 941 that were allegedly provided to the IRS, and submitted with the PPP application, claim that the business had three employees in the fourth quarter of 2019 and the first quarter of 2020. The application also includes an "Earnings Statement" for Kendall Tims that claims the business is located in Rosenberg, Texas, but the address of the business listed on the loan application is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Knoxville, Tennessee, a former personal residence of BUSH.

    c.    **Porsha Bush**. BUSH also obtained a PPP loan in her own name, claiming to be an independent contractor for Enlightenment Family Care Inc. However, on her EIDL application for Enlightenment Family Care Inc, she claimed to be the 100% owner of Enlightenment Family Care Inc. BUSH claimed that she received a monthly payroll of $5,654 as an independent contractor for Enlightenment Family Care Inc.

    d.    **PT Financial Solutions**. Hope Enterprise Corporation was the lender for this PPP loan. BUSH provided the lender, Hope Enterprise Corporation, located in Mississippi, with a Mississippi address on the loan application as BUSH's address and a Mississippi driver's license as a form of identification. The application included documents purporting to be filed with the IRS, including a 2019 Schedule C, Profit or Loss From Business, claiming approximately $57,846 in gross receipts or sales and $0 expenses, and $8,173 in self-

9

employment taxes. None of BUSH's bank account records confirm that she paid self-employment taxes from wages paid to her by PT Financial Solutions. BUSH also submitted to Hope Enterprise Corporation, an IRS Form 2019 1099-MISC, purporting to show non-employee compensation paid to BUSH of approximately $57,846, but the form listed the payor as Enlightenment Educational Corporation, located in Rosenberg, Texas. BUSH's address on the 1099-MISC is a Gulfport, Mississippi address. The social security number provided by BUSH on the loan application, listed as the recipient's TIN on the 1099-MISC, and listed as the taxpayer's social security number on the Schedule C, does not belong to BUSH. Funds were deposited into BUSH's personal account, Bank of America account 5160. BUSH claimed to be "financial consultant" for PT Financial Solutions.

      e. **Motivational Moments with Porsha.** BUSH submitted IRS Forms 941 for Motivational Moments with Porsha for all four quarters in 2019 and the first quarter of 2020 to U.S. Bank. However, the IRS provided information that Motivational Moments with Porsha had no filing requirements with the IRS, and that no Forms 941 had been filed for Motivational Moments with Porsha from 2018 to September 30, 2020. Not only were the Forms 941 never filed with the IRS, but the documents that BUSH did submit appear internally inconsistent. For example, the First Quarter 2019 Form 941 that BUSH submitted with her application was signed by BUSH on January 22, 2020. Also, the Forms 941 from 2019 claim a business address in Sandy Springs, Georgia, but the 2020 Form 941 list an address in Knoxville, Tennessee. No explanation is included for the different addresses, and no records support that the business was incorporated in Georgia and relocated to Tennessee. In fact, BUSH claimed in her PPP loan application that the business was incorporated in Tennessee in 2018, but no records confirm that the business was incorporated in Tennessee. Moreover, the funds from this PPP loan were

10

deposited directly into BUSH's personal checking account, Bank of America, N.A. account 2153. No bank accounts or business records appear to exist for Motivational Moments with Porsha.

    f.    **Enlightenment Family Ministries**. Hope Enterprise Corporation was also the lender for this PPP loan. BUSH provided the lender, Hope Enterprise Corporation, located in Mississippi, with a Mississippi address on the loan application and a Mississippi driver's license as a form of identification. The application included documents purporting to be filed with the IRS, including BUSH's 2019 1040 Schedule C, Profit or Loss From Business, for Enlightenment Family Ministries claiming approximately $297,195 in gross receipts or sales and $0 expenses, and $41,991 in self-employment taxes. This Schedule C as well as the loan application have a social security number listed for BUSH that does not belong to BUSH. The PPP loan funds for Enlightenment Family Ministries were deposited directly into the account for Enlightenment Family Care Inc. (Target Account 4). BUSH also submitted IRS Forms 941 for all four quarters in 2019 and the first quarter of 2020 to Hope Enterprise Corporation, claiming four employees on each form and varying amounts of wages and taxes withheld. However, no wages appear to have been withheld or paid from Target Account 4, into which the loan funds were deposited. Nor do any of BUSH's other Bank of America accounts appear to show any wages paid or taxes withheld on behalf of Enlightenment Family Ministries. BUSH claimed that Enlightenment Family Ministries was incorporated in Texas, but no records confirm that statement. Furthermore, BUSH listed two different addresses in the Form 941 documents that were attached to the application: in 2019, each Form 941 listed a Houston, Texas, address, and in the First Quarter 2020 Form 941, BUSH listed her personal Knoxville residence as the location

of the business. BUSH also used the email address, "enlightenmentfc@gmail.com" for this application.

      g.   **Enlightenment Family Care Inc**. Enlightenment Family Care Inc., was incorporated in Tennessee on May 31, 2019. BUSH applied for and received an EIDL loan in the amount of $150,000 based on her claim that Enlightenment Family Care Inc. had generated a certain amount of annual revenue in 2019. BUSH initially claimed that the company generated $78,500 in gross revenues for the 12 months prior to the disaster, but her application was denied because BUSH had a poor credit history and because the Small Business Administration's public record search did not find record of the business. BUSH then re-submitted the application, which included a "Profit and Loss Statement," in which BUSH claimed that Enlightenment Family Care Inc. actually had revenues of $335,651 for the final three quarters of 2019, and that the company had paid approximately $45,651 in wages during those three quarters. However, the IRS provided information that Enlightenment Family Care Inc. had not submitted any quarterly wage reports from 2018 to September 2020. An administrative Dissolution/Revocation for Enlightenment Family Care Inc. was filed on October 6, 2020, less than six months after the PPP loan was obtained. Enlightenment Family Care also has an active franchise tax account status in Texas, but Enlightenment Family Care was not registered with the Texas Secretary of State. Moreover, it is unclear from the Texas documents whether the franchise tax account is for Enlightenment Family Care LLC or Enlightenment Family Care Inc.

      h.   **Enlightenment Enterprises**. Enlightenment Enterprises was incorporated in Tennessee on June 3, 2020 which is only a few days before the PPP loan to Enlightenment Enterprises in the amount of $84,369, application date approximately June 5, 2020 was requested. The PPP rules and regulations required that a business must be operational

on February 15, 2020, to obtain a PPP loan. It does not appear that Enlightenment Enterprises was operational on February 15, 2020 (or ever, for that matter), as no other records support the existence of the business. Furthermore, no IRS Forms 941 were ever filed with the IRS, despite the fact that BUSH submitted IRS Form 941 records with her application. These IRS records appear to be falsely prepared and fraudulently submitted. BUSH claimed the address of the business was ███████████████, which is BUSH's personal residence. Finally, the funds from this loan were deposited into Bank of America account 3234, which was BUSH's personal savings account. I am unaware of any bank account associated with Enlightenment Enterprises.

21. After removing all transfers between BUSH's various Bank of America accounts, the total debits from BUSH's collective accounts total approximately $126,876.49 in 2019.

22. In total, BUSH represented to the lenders that her companies listed above paid at least $1,360,417 in total wages and nonemployee compensation in 2019. Nothing in any of BUSH's Bank of America accounts supports that claim.

23. During the same time period BUSH was applying for the PPP loans listed above, BUSH was employed by different insurance companies and earned wages from these companies. Moreover, BUSH was also applying for and receiving unemployment insurance payments from the State of Tennessee. For example, BUSH received the following unemployment payments in 2020:

    a. 4/17/2020: $1,750
    b. 4/21/2020: $600
    c. 4/28/2020: $875
    d. 5/5/2020: $875
    e. 5/12/2020: $875
    f. 5/19/2020: $875

g. 5/27/2020: $875
h. 6/2/2020: $875
i. 6/9/2020: $875
j. 6/16/2020: $875
k. 6/23/2020: $875
l. 8/6/2020: $671
m. 8/10/2020: $2,826
n. 8/31/20: $213
o. 9/16/20: $142
p. 9/30/2020: $142
q. 10/19/2020: $71

24. BUSH also falsely certified that the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments as specified under the Paycheck Protection Program Rule. BUSH knew that this was false, and that she intended to use the PPP loan proceeds for unauthorized purposes.

### Financial Investigation

25. BUSH held twelve bank accounts at Bank of America, in which she was the sole signatory on each account. Seven of the accounts are in the name of Porsha Bush and five of the accounts are in the name of Enlightenment Family Care, an entity owned by BUSH. A list of the accounts is detailed below:

| Account Number | Account Title | Account Type | Owner/Signature on Account | Account SSN, EIN, ITIN | Opened |
|---|---|---|---|---|---|
| -2153 | Porsha T Bush | Checking | Porsha T Bush | -2801 | 2/15/2019 |
| -3234 | Porsha T Bush | Savings | Porsha T Bush | -2801 | 3/8/2019 |
| -1828 | Enlightenment Family Care | DDA | Porsha T Bush | | 5/29/2019 |
| -5376 | Enlightenment Family Care | Savings | Porsha T Bush | | 7/12/2019 |

14

| | | | | | | |
|---|---|---|---|---|---|---|
| -5160 | Porsha T Bush | Savings | Porsha T Bush | -2801 | 8/29/2019 |
| -7514 | Enlightenment Family Care Inc | DDA | Porsha T Bush | | 9/30/2019 |
| -7527 | Enlightenment Family Care Inc | DDA | Porsha T Bush | | 9/30/2019 |
| -7530 | Enlightenment Family Care Inc | Savings | Porsha T Bush | | 9/30/2019 |
| -6282 | Porsha T Bush | DDA | Porsha T Bush | 2801 | 5/11/2020 |
| -6295 | Porsha T Bush | Savings | Porsha T Bush | -2801 | 5/11/2020 |
| -2217 | Porsha Bush | DDA | Porsha T Bush | -2801 | 5/20/2020 |
| -2233 | Porsha Bush | Savings | Porsha T Bush | -2801 | 5/20/2020 |

26. In May 2020, BUSH opened two savings accounts in her name to include Target Account 1 (6295), and an account ending in 2233. From a review of the records, it appears that Target Account 1 is fully funded by unlawful PPP funds through transfers of other accounts held by BUSH, namely checking Account 2153 and savings Account 3234, both in the name of Porsha T. Bush.

27. Account 2153 appears to be the account that BUSH uses daily. Over 4,700 transactions occurred in that account from when it opened in March 2019 through December 2020. Transactions in Account 2153 include: transfers between the various Bank of America accounts, including Target Account 2, personal expenses to include travel, food, and clothing, payments to and from various individuals, overdraft fees, Tennessee Unemployment Insurance payments, and an extensive amount of Square Cash App deposits and withdrawals.

28. PPP funds were deposited into approximately six different accounts held by BUSH. From those six accounts, money was moved in various amounts throughout the twelve total accounts held by BUSH, and part of those funds from unlawfully acquired PPP funds ultimately ended up in Target Account 1. For Example:

| | | | |
|---|---|---|---|
| 5/22/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 to Account 6295 | $4,000.00 |

15

| Date | Account | Description | Amount |
|---|---|---|---|
| 5/26/2020 | BoA 3234 (Porsha Bush) | Online Banking transfer from CHK 3234 to Account 6295 | $10,515.00 |
| 5/26/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $2,485.00 |
| 5/26/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $1,000.00 |
| 6/12/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $8,000.00 |
| 6/15/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $2,000.00 |
| 6/15/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $1,000.00 |
| 6/17/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $3,000.00 |
| 6/18/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $2,000.00 |
| 6/19/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $5,000.00 |
| 6/19/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $3,000.00 |
| 6/22/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $5,000.00 |
| 6/22/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $4,000.00 |
| 6/23/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $5,000.00 |
| 6/23/2020 | BoA 2153 (Porsha T. Bush) | Online Banking transfer from CHK 2153 | $1,000.00 |

29. On approximately May 12, 2020, the loan in the name of Porsha Bush, amount $14,135 was deposited into Account 2153. The same day the entire amount was transferred to Target Account 2. Over a period of about a month, approximately $14,000 was credited back into Account 2153 and Account 3234, by both check and online transfers.

30. The loans for both Enlightenment Family Care LLC in the amount of $67,469 and Enlightenment Family Ministries in the amount of $61,915 were both deposited into Target Account 4 in approximately June of 2020. A large amount of money left Target Account 4 via

Zelle Transfers to multiple people to include BUSH. Target Account 4 was also used for Dillard's and Best Buy purchases and rent payments on a personal residence.

31. The loan for Enlightenment Family Care LLC in the amount of $21,400 was deposited into Target Account 3. Shortly after the loan deposit, it appears BUSH begins to use Square Cash App as a payroll processor. Payroll is run every week for several months. Part of the payroll that is withdrawn from Target Account 3, is deposited into Account 2153 and is labeled "Square Inc DES: Payroll...Porsha Bush..."

32. Based on the foregoing information, I believe there is probable cause BUSH used Target Accounts 1, 2, 3, and 4 to commit bank fraud and money laundering and that the contents of Target Accounts contain proceeds of bank fraud and funds involved in money laundering.

33. Insofar as criminal forfeiture is concerned, I know that a protective order would be inadequate to ensure the preservation of the funds in the Target Accounts because funds stored electronically in bank accounts can be easily and almost instantaneously transferred from remote locations, and that financial institutions do not always act promptly to make all of their employees aware of restraints that are placed on such funds. Courts have routinely issued seizure warrants, rather than restraining orders, in cases where the property was highly fungible. It is the nature of the property itself which is sufficient for the court to find that a restraining order may be inadequate. *United States v. Swenson*, 2013 WL 3322632 (D. Idaho July 1, 2013) (the court is entitled to infer from the inherent fungibility and transferability of money in a bank account that a restraining order would be inadequate); *United States v. Lewis*, 2006 WL 1579855, *5 (D. Minn. June 1, 2006) (vehicles and funds in a bank account may be seized pursuant to section 853(f) because both can easily be moved or transferred; a restraining order would be inadequate); *United States v. Wiese*, 2012 WL 43369, *2 (E.D. Mich. Jan. 9, 2012) (§ 853(f) warrant may be used to

seize funds in a bank account because they may be easily moved); *United States v. Martin*, 460 F. Supp. 2d 669,667 (D. Md. 2006) (finding probable cause to believe that a restraining order would not have been adequate to maintain fungible, transferable property such as cash or money seized from a bank account), *aff'd* 662 F.3d. 301, 304 n.6 (4th Cir. 2011). Moreover, I also know that a restraining order can be violated with ease and that there is no guarantee that a restraining order will prevent the dissipation of the asset, including ensuring the asset is not encumbered through liens and cross-collateralization.

34. Moreover, with respect to civil forfeiture of fungible property, such as funds deposited in an account at a financial institution, I know that it is unnecessary "for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and that any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture." 18 U.S.C. § 984. With respect to tracing, it is not a defense that the property involved in the offense underlying the basis of forfeiture has been removed and replaced by identical property, so long as the United States commences a civil forfeiture action within a year of the offense. 18 U.S.C. § 984(a)(2).

35. Based upon the foregoing information, it appears that the Target Accounts contain funds constituting or traceable to funds constituting proceeds of BUSH's violations of 18 U.S.C. §§ 1344 and/or 1956. It further appears that the Target Accounts contain proceeds traceable to funds that were involved in violations 18 U.S.C. § 1956. As a result, the Target Accounts are subject to civil forfeiture by the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) and are subject to criminal forfeiture pursuant to 18 U.S.C. §§ 982(a)(1), and 982(a)(2). The funds are subject to seizure in accordance with 18 U.S.C. § 981(b) and 21 U.S.C. § 853(e) and (f) by 18 U.S.C. § 982(b)(1). As such, the United States seeks the issuance of warrants

providing seizure of funds up to the amount of $472,568 from the Target Accounts which constitutes proceeds traceable to bank fraud and/or money laundering and proceeds traceable to funds that were involved in money laundering.

36. The events described herein occurred and are situated in the Eastern District of Tennessee and elsewhere. Accordingly, pursuant to 18 U.S.C. § 981(b)(1)(3), "a seizure warrant may be issued ... by a judicial officer in any district in which the forfeiture action against the property may be filed under section 1355(b) of Title 28, and may be executed in any district in which the property is found."

## **CONCLUSION**

37. Based upon all of the foregoing information, probable cause exists to believe that BUSH has committed violations of federal law including bank fraud and money laundering. Furthermore, I have probable cause to believe that funds in the Target Accounts are subject to seizure and forfeiture.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this __1st__ day of ~~March~~ April, 2021, in Knoxville, Tennessee,
Located within the Eastern District of Tennessee.

_____
Joelle Vehec
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to me before
On this __1st__ day of ~~March~~ April, 2021.

_____
Debra C. Poplin
United States Magistrate Judge

19